## CARTER v PETROFF

Ohio Appeals, 5th Dist, Richland Co

No. 360.   Decided Sept 25, 1931

R. W. Stephenson, Dayton, for Carter.
G. H. Blecker, Dayton, for Petroff.

LEMERT, J.

Counsel in presenting this case, both in oral argument and by way of brief, urge as errors the first and fourth grounds, to-wit: That the court erred in overruling the motion for a new-trial; and, that the verdict of the jury is inadequate. On the last claimed ground of error, "That the verdict is manifestly inadequate to the evidence," we note that upon an examination of §11576 GC that the power is given to the court to set aside a verdict that is manifestly inadequate, and that the court in construing said section in the **81 Oh St, 563,** we note that the court there held:

"In an action to recover damages for personal injuries, a new trial may be granted on the ground of the inadequacy of the damages found by the jury, when it appears upon the facts proven that the jury must have omitted to take into consideration some of the elements of the damages properly given in the plaintiff's claim."

In the case of **Rognon v City of Zanesville, 24 Oh Ap, 536,** it was held:

"In an action for the recovery of damages tried by a jury, if the verdict shows on its face that the damages affixed have been estimated upon an erroneous and illegal

basis, such verdict should be, upon motion of party prejudiced thereby, set aside, and it is error to enter judgment thereon against his objection."

An examination of the record discloses that the jury in the court below found for the plaintiff and fixed his damages in the amount of $5.00. We believe the verdict of the jury in fixing this amount of damages for plaintiff was grossly inadequate under the evidence and the law. The record discloses that the medical and hospital expenses was much greater than the amount allowed. The testimony as to these charges was wholly undisputed and there is no speculation about it. The court in its charge specifically told the jury if they should find in the favor of plaintiff they should award him such compensation by way of damages as they in their judgment deemed proper, considering the nature of the injuries, etc.

There were three positive elements of damages to be considered in this case. First, the actual expense of the plaintiff; second, compensation for his injury; third, pain and suffering and also punitive damages if the jury should find that the act of the defendant was maliciously done. The jury found for the plaintiff, and yet awarded him nothing to compensate him in respect to any of the three elements of damage. The jury even went so far as to say in answer to an interrogatory submitted, as shown on page 58 of the record, that the defendant, after the trouble had ended inside his place of business, went outside into the alley and there delivered the blow that put plaintiff in the hospital, and this with no provocation whatever moving from the plaintiff.

The failure of the jury to award reasonable damages indicates such bias and prejudice on the part of the jury as leads us clearly to believe that the damages allowed plaintiff in this action were inadequate. The plaintiff in error was entitled to at least compensation for his actual expenses and also compensation for his physical injuries, pain and suffering. There can be no question under the interrogatory submitted to the jury and the answer thereto but that the act of the defendant was malicious. This should have entitled the plaintiff in error to reasonable compensatory damages at least, even if the jury was not inclined to award damages of a punitive nature.

Therefore, we find and hold that the damages awarded plaintiff in this case were grossly inadequate, and that the court below erred in overruling plaintiff in error's motion for a new trial. It therefore follows that this case will be and the same is hereby reversed and remanded to the lower court for further proceedings according to law.

Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.